Filed 3/23/23  P. v. Fernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C093040 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-038488B) |
| v. | |
| BRANDON ALEXANDER FERNANDEZ, | |
| Defendant and Appellant. | |

In 2003, Daniel Bezemer killed his girlfriend (the victim).  Bezemer's roommate, defendant Brandon Alexander Fernandez, was involved, though the extent and timing of his involvement is contested.  In 2005, defendant pleaded guilty to murder in the second degree and the trial court sentenced him to 15 years to life in state prison.  In 2020, defendant filed a petition for resentencing, asserting he could no longer be convicted of murder due to the abrogation of the natural and probable consequences doctrine.  After a hearing, the trial court denied defendant's petition on October 23, 2020.  On November 13, 2020, appellant filed a timely notice of appeal.[1]

---

[1]   Appellant sought and received numerous extensions of time for briefing this appeal.  Hence, the matter was not fully briefed until October 24, 2022.

On appeal, defendant asserts, and the Attorney General agrees, the trial court employed the incorrect standard of review. Defendant further asserts that in the absence of sufficient evidence at the hearing, the trial court erred in denying his petition and he is presently entitled to resentencing. He contends the proper remedy is for us to reverse his conviction and resentence him on the uncharged crime of being an accessory after the fact. In the event we remand for a new hearing, he requests a hearing before a different judge.

We agree that the trial court applied the wrong standard of review. Disagreeing with defendant's remaining contentions, we shall reverse the order denying defendant's petition and remand for a new hearing.

BACKGROUND[2]

The victim was killed in 2003. A 2004 information charged defendant and Bezemer with murder (Pen. Code, § 187, subd. (a)—count one)[3] and conspiracy to commit murder. (§ 182, subd. (a)(1)—count two.) In 2005, defendant pleaded guilty to second degree murder. The trial court sentenced him to 15 years to life in state prison.

In 2020, defendant filed a petition for resentencing.[4] Defendant alleged, in effect, that (1) an information had been filed against him that allowed the prosecution to proceed on a theory of murder under the natural and probable consequences doctrine; (2) he was

---

[2]    In his reply brief, defendant requests that we strike the statement of facts from the respondent's brief. This request was not made by motion. (See Cal. Rules of Court, rule 8.54.) In any event, we deny the request while noting the Attorney General's statement of facts was not instrumental to any of our determinations on this appeal.

[3]    Undesignated statutory references are to the Penal Code.

[4]    Defendant filed his petition pursuant to former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 throughout this opinion.

convicted of second degree murder upon his plea of guilty; and (3) he could no longer be convicted of murder due to changes to sections 188 and 189 effective January 1, 2019. The trial court determined defendant had made a prima facie showing and issued an order to show cause.

The court held a hearing over several days with the testimony of 13 witnesses, including Bezemer. The court also admitted exhibit 18A, the transcript of a 2003 interview between defendant and agents of the FBI, which provided defendant's version of the events.

For present purposes, it is sufficient to say the account defendant provided in his 2003 FBI interview and Bezemer's hearing testimony differed in key respects. Defendant's account indicated he had no idea of Bezemer's plans to kill the victim until defendant came upon Bezemer strangling the victim who, by that time, defendant believed to be dead. Defendant admitted to assisting Bezemer after the killing, such as helping Bezemer bury the victim. Conversely, according to Bezemer's account, defendant encouraged Bezemer to kill the victim, defendant was instrumental in planning the killing, and defendant in fact participated in the killing.

After the hearing, the court stated it was applying the standard of review from one of the few then-published cases addressing the issue. That case has since been ordered not citable by the California Supreme Court. (*People v. Duke* (Sept. 28, 2020, B300430) [opn. ordered nonpub. Nov. 23, 2021, S265309]; see Cal. Rules of Court, rule 8.1115(e)(3).) *Duke* employed what was essentially the substantial evidence standard of review.

The trial court noted the parties did not dispute that defendant acted as an accomplice *after* the killing. The contested issue was whether defendant participated *before* the victim's death. Discussing credibility, the court stated: "I find there was considerable fabrication on both the part of Mr. Bezemer and [defendant]. It was very difficult to believe too much about anything either one of them said. They were

3

constantly fabricating, I think . . . ." The court therefore turned to evidence it considered to be independent of defendant's and Bezemer's accounts.

After setting forth evidence the court believed corroborated Bezemer's account, the court concluded that "there is adequate independent verification of the accomplice testimony, adequate basis for a reasonable jury to conclude that the defendant was aware and did participate in the advanced plans for the killing of the victim and, therefore, is liable as an accomplice." The court denied the petition, concluding the prosecution "could obtain a conviction of the defendant for first-degree murder based on basic accomplice liability . . . ."

## DISCUSSION

### I

### *Senate Bill No. 1437 (2017-2018 Reg. Sess.)*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Relevant to amendment of the natural and probable consequences doctrine, following enactment of Senate Bill 1437, subdivision (a)(3) of section 188 provides: "Except as stated in subdivision (e) of Section 189 [addressing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." Thus, following enactment of Senate Bill 1437, and where felony murder is not at issue (see § 189, subd. (e)), a person must act with malice aforethought to be convicted of murder. (§ 188, subd. (a)(3); see *People v. Vang* (2022) 82 Cal.App.5th 64, 83; *In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

4

Senate Bill 1437 also created a mechanism, through what is now section 1172.6, for individuals convicted of felony murder or murder based on the natural and probable consequences doctrine to petition for resentencing if they could not presently be convicted of murder because of Senate Bill 1437's changes to sections 188 or 189.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 959.)

II

*Standard of Review*

Defendant correctly asserts that the trial court erroneously applied a standard of review from a case that has since been ordered not citable by the California Supreme Court.  (*People v. Duke, supra*, B300430; see Cal. Rules of Court, rule 8.1115(e)(3).)  *Duke* employed a standard of review that was essentially the substantial evidence standard.  A split of authority arose following publication of *Duke*, with other cases applying an "independent fact finder" standard of review.  (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745.)  The California Supreme Court in *People v. Lewis, supra*, 11 Cal.5th 952 and, subsequently, the Legislature in Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), resolved the issue of the appropriate standard of review, rejecting the substantial evidence standard.

Following amendment by Senate Bill 775, and subsequent renumbering (Stats. 2022, ch. 58, § 10), section 1172.6 provides, insofar as relevant here:  "*At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . .*  The prosecutor and the petitioner may . . . offer new or additional evidence to meet their respective burdens.  *A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . .*"  (§ 1172.6, subd. (d)(3), italics added; accord, Stats.

5

2021, ch. 551, § 1(c) [Senate Bill 775 "[r]eaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt"].)

The changes effected by Senate Bill 775 are retroactively applied to defendant's case, which is not yet final. (*People v. Basler* (2022) 80 Cal.App.5th 46, 56.) As defendant asserts, as the Attorney General agrees, and as section 172.6, subdivision (d)(3) makes irrefutably clear, the trial court employed the wrong standard of review in following *Duke*.

Defendant asserts that the error in applying the incorrect standard of review cannot be deemed harmless. The Attorney General does not advance a harmless error argument, conceding the matter should be remanded for a new determination. Under the circumstances of this case, the determination of whether defendant is eligible for resentencing is a matter to be decided by the trial court in the first instance, acting as finder of fact and employing the proper standard of review. We shall remand the matter for a new hearing consistent with section 1172.6.

Defendant further asserts he is presently eligible for relief under section 1172.6, subdivision (d)(3) because there was insufficient evidence to corroborate Bezemer's testimony and to prove, beyond a reasonable doubt, defendant could be convicted of second degree murder. In light of our determination, we need not address defendant's claim addressed to the sufficiency of the evidence at his first hearing. And, as we next discuss, there is no impediment to remand for a new hearing.

III

*Double Jeopardy*

Defendant asserts the proper remedy is to reverse his conviction and resentence him as an accessory after the fact. Defendant argues, without invoking the term "double jeopardy" (other than in a quote from case law), that a new hearing would be inappropriate because the prosecution already had its opportunity to present legally sufficient evidence, it failed, and thus it should be barred from attempting to do so again.

6

Defendant asserts, "[L]ike a reversal on direct appeal where the People failed to prove the elements of an offense, there is no basis for entitling them to the 'second bite at the apple' that a new hearing would entail." Defendant is incorrect.

Defendant relies on *People v. Perez* (2022) 78 Cal.App.5th 192, review granted August 17, 2022, S275090. However, *Perez* involved direct appeals from judgments, not an appeal from the denial of a resentencing petition. An evidentiary hearing under section 1172.6 "does not implicate double jeopardy because section [1172.6] 'involves a resentencing procedure, not a new prosecution.' " (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111; accord, *People v. Mitchell* (2022) 81 Cal.App.5th 575, 589 [double jeopardy not implicated in a section 1172.6 resentencing proceeding].) A petition under section 1172.6 "is not a criminal prosecution. [Citation.] It is the *opposite* of a criminal prosecution. A criminal prosecution can only hurt a defendant and can never help. The process here is the reverse: it can only help the defendant and can never hurt." (*Mitchell, supra*, at p. 588.) The relief provided by section 1172.6 "is a legislative 'act of lenity' intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment that could implicate the double jeopardy clause." (*Hernandez, supra*, at p. 111.) Defendant will not twice be put in jeopardy by a second resentencing hearing and there is no analogous bar precluding a second hearing.

IV

*Disqualification*

In his reply brief, defendant proposes an acceptable alternative remedy to his immediate release based on resentencing as an accessory after the fact would be remand for a new hearing before a different judge. (See Code Civ. Proc., § 170.1, subd. (c).) He contends the judge who ruled on his petition "cannot be an independent fact finder, as he has already committed to certain factual findings" and cannot "be expected to act as a

neutral and detached independent fact finder." Defendant also asserts a right under Code of Civil Procedure section 170.6 to remove the trial judge due to prejudice.

" ' "Obvious considerations of fairness in argument demand that the appellant present all . . . points in the opening brief. To withhold a point until the closing brief would deprive the respondent of [the] opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before." ' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764, quoting *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8; accord, *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) Defendant has offered no reason for failing to advance this request previously, and we decline to consider it.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded for the trial court to conduct a new hearing under section 1172.6.

                                            KRAUSE          , J.


We concur:


      DUARTE        , Acting P. J.


      EARL           , J.

8